No. 2584.—S. BROU et al. *v.* WIDOW P. P. BECNEL et al.

A purchaser of land, slaves and movables may avoid that portion of the contract for which slaves formed the consideration, by showing the relative value of the land, slaves and movables at the time of the sale.

In determining the relative value of the land, slaves and movables at the date of the sale, the estimate placed upon them by the assessors, for the year previous to and the year following the sale, should be taken as a basis, rather than the estimate of witnesses made ten years thereafter.

APPEAL from Fourth Judicial District Court, parish of St. Charles. *Beauvais,* J. *Maurice Berault,* for plaintiff and appellee. *E. King Cutler,* for defendant and appallant.

WYLY, J. · This case was remanded to ascertain the relative value of the slaves and other property sold to the defendants, and the amount, if any, for which the defendant, Mrs. Becnel, is liable for property other than slaves. See Brou *v.* Becnel, 20 An. 254.

The district judge, on the trial, came to the conclusion that the slave consideration was one-third the total amount of the purchase price of the land, slaves and movables, and rendered judgment accordingly. The defendant, Mrs. Becnel, has appealed.

That a debt, part for slaves and part for land and movables, may be apportioned, and can only be enforced for that part of the considera-ration which was not slaves, we regard as no longer an open question. Sandidge *v.* Sanderson, Soniat *v.* Patrick, and other decisions of this court rendered recently.

Indeed, the correctness of the ruling of the court, in this regard, is not questioned by the parties to this appeal.

The matter now presented for consideration is a question of fact.

What was the relative value of the slaves compared to that of the land and movables, at the time the debt was contracted ?

The evidence of the witnesses is conflicting; those offered by the plaintiff fix the value of the land and movables far beyond that of the slaves, while those offered by the defendant make an estimate to the reverse.

We find in the record an abstract of the assessment of the property

in 1857, while it belonged to Mrs. Brou; also, an extract of the assessment roll of 1859, made after the purchase by Mrs. Becnel. By the former it appears that the total valuation was $46,300, of which $25,800 was estimated as the value of the slaves; by the latter assessment roll it appears that the total valuation of the property was $44,200, of which $23,350 was estimated as the value of the slaves.

We also find the tax receipts for 1859 and 1860 showing the aggregate valuation of the slaves, land and other property, fixing the value of the slaves in each instance at $23,350, and that of the other property at a less sum.

The sale occurred in 1858; the assessors' valuations, the year before and the two years succeeding the sale, in our opinion, fix a better standard to ascertain the relative value of the two classes of property than the conjectures of the witnesses, or their conflicting opinions, which we find in the record, and which were given nearly ten years after the sale of the property.

A careful examination of the evidence has brought us to the conclusion that the relative value of the slaves, at the time the contract was made, was equal to that of the land and movables, and as thus apportioned, the debt can be enforced.

The defendant, Mrs. Becnel, is therefore entitled to claim an abatement of one-half of the amount for which she was originally liable.

It is therefore ordered that the judgment of the court below be annulled, and it is ordered that the defendant, widow P. P. Becnel, be condemned to pay the petitioner, Seraphin Brou, the sum of $2865 72, with eight per cent. per annum interest on the sum of $953 22 from the nineteenth of January, 1864, till paid, and on the further sum of $1912 50 from the nineteenth of January, 1862, till paid; that she be also condemned to pay the petitioners, E. Rochereau & Co., the sum of $1400, with eight per cent. per annum interest thereon from the nineteenth of January, 1862, and $1 87½, costs of protest; that she be also condemned to pay the petitioner, Pierre Maspero, the sum of $1325 00, with eight per cent. per annum interest on $662 50 from the nineteenth of January, 1859, till paid, and on the further sum of $662 50 from the nineteenth of January, 1860, till paid, and also $1 50 costs of protest; that she be also condemned to pay the petitioner, Dransin Barthelmy Macarty, the sum of $662 50, with eight per cent. per annum interest thereon from the nineteenth of January, 1861, till paid, and the further sum of $4 25, costs of copies of notarial acts. It is further ordered that the vendor's privilege and special mortgage be recognized as taking effect from the twenty-second of January, 1858, on the property described in the act of mortgage, and that the same be sold according to law, to pay the petitioners respectively the amounts stated in this decree. It is further ordered that the plaintiffs pay costs of this appeal, and that the defendant, Mrs. Becnel, pay costs of the court below.

Rehearing refused.